Robert Cole, on behalf of James Ellett, the appellate in this case. I'm sure that the Court has read and understands the briefs and the authority cited therein, so I'm going to limit my remarks, if the Court will, initially here to a case that was cited later by Mr. Whitten, the case of Jones v. Flower. And he cited that case, it came down after these pleadings were filed here. In Jones, did you give us a supplemental letter or do you have a citation for us? Mr. Whitten did, yes. Okay, all right, so that's in the record. As long as we have it, I just want to make sure we've covered it. I just want to make sure we have the cite to it if it came down after the briefing was completed. Let's see here. I'm sure that he did. You can give it to us on rebuttal if you want to look it up while Mr. Whitten is. Thank you. I don't want to interrupt you. Would you spell the name of the case? It's Jones, J-O-N-E-S, versus Flower. That case involved a tax liability on property in which the taxing agency served a notice of delinquency by certified mail. That mail was returned to the city or to the taxing agency marked undeliverable. And at some later time, I think two years later, the taxing agency gave notice by publication. The property was in fact sold and the property owner objected on the basis of due process of law. The court held in that case that there was not due process, there was inadequate notice based on the fact that when the taxing agency learned that the certified mail had been returned to it, they were under a duty to do something further, to ascertain and to make some other service in that I believe that service by publication two years later would be the least of all methods of service that would be acceptable. The court, I believe that's the crux of the case. The notice, they had a defective, something that was defective in the notice to the taxpayer in that case, the exact opposite in our case. But that left a duty on the taxing agency to take further steps when it learned of the error. It had knowledge of the error and did nothing to protect its rights. There is a, I believe that in the instant case that the Franchise Tax Board would be under a light duty because in this case, pardon me, in this case Franchise Tax Board from the day they got notice of Mr. Ellett's bankruptcy, they knew there was a one digit error in Mr. Ellett's social security number. And from that point on, they did nothing to correct that error. They put it on a so-called fallout list but never followed through on it. And they also had a cross-reference policy for such error. How did they know, Mr. Cald, that the error, maybe the social security number was accurate but the name was wrong or maybe the name was right but the social security number was wrong, how did they know there was a mistake in the social security number in the Franchise Tax Board? Okay. Franchise Tax Board has a policy and that policy is somewhere in the excerpts of record to written policy that they initially tried to match a taxpayer with a liability by the way of the social security number. If that doesn't match, then they put it on a fallout list to try to match it with the name or address of the taxpayer. They have three alternatives. They have initially the social security number. If that fails, they have the name. If that fails, they try the address. They did none of that. They just let it go to default and they failed to file a claim and I believe that this case cited by Mr. Whitten actually supports Ellip's case. So the mistake was made, the mistake was the fault of the, we'll call him a bankrupt I guess, Mr. Ellip. Yes. Or his counsel or somebody. The mistake was made in providing the social security number to the Franchise Tax Board. But your claim is the Franchise Tax Board should have done more than it did to learn that there was a mistake and determine who the bankrupt really was. That's what your argument is. That's essentially correct, but it's a little bit oversimplified. Yeah, probably so. In the first instance, it was stipulated in the record that this was an inadvertent mistake and we don't know who made it. I mean, it was on the end. It wasn't the Franchise Tax Board that made the mistake. It was not. It was not. The Franchise Tax Board's policies require it to, when they discover that error, to put it on what they call a fallout list. And that means where there's a matching problem with their records. Yeah. How did they discover the error? It didn't match up. The Franchise Tax Board looked at the social security number only. And they could not find that there was a debtor who owed money to the Franchise Tax Board. Yes. Based on that number. Yes. And then they stopped. How does that demonstrate that there was a mistake or a notice to the Franchise Tax Board? How was there notice? Yeah. Well, the fact that it didn't match up. It just meant that there was no debt owing, didn't it? No. By the person who had that mistaken number. That's right. But had they exercised their own policies, all they had to do was cross-reference the name to use the name as a means of identifying the debtor. So you're placing the burden on the Franchise Tax Board rather than the debtor to give accurate information. In a sense, that's correct, but it's not correct. I'm saying that the Franchise Tax Board should have utilized their own methods to match up the name. Well, shouldn't the debtor have given the correct Social Security number? Well, yes, Your Honor, but inadvertent errors happen, and that's why Franchise Tax Board has this alternative method of identifying tax. But the burden of the error, then, is placed on the Franchise Tax Board rather than the debtor who made the mistake. If the court wishes to characterize that as a burden, you know, it will so be. I'm saying... Well, the Franchise Tax Board, in your argument, gets no money. That's what I mean by burden. Well, I suppose that's the end result, but I don't think the argument goes that way. I don't think we're trying to transfer the burden. We are placing, we are suggesting that the Franchise Tax Board, when it discovers an error, has a duty to follow its own manual of operations to correct that error. But why shouldn't we also find that there's a corresponding duty on the part of the debtor to proofread the claim or the application for bankruptcy to make sure that his Social Security number is correct, because it's in his best interest to obtain a complete discharge of all the debts that he can, and therefore, it's in his best interest to ensure that he accurately identifies himself by name, address, and Social Security number? I mean, isn't that a reasonable approach? No, it's very reasonable, but I think that has to presume a conclusion that an inadvertent error is inexcusable. Well, not inexcusable. I guess what I'm really getting at, counsel, is whether or not that burden, which I think is pretty slight, i.e., proofread the material before you file it, compared to what I understand the Franchise Tax Board has to do, which is to go back now and research all of the variations of the name James Ellett, and then try and match it up with a number of different addresses, because it's my understanding from the record that your client moved several times, that could involve a fair amount of work by some administrative person at the Franchise Tax Board. And if I balance the two burdens, if my analysis is correct, I come out where the burden is greater on the Franchise Tax Board than it is on the debtor. And why shouldn't we assign legal responsibility to the debtor in that case? Because we were not aware, the debtor was not aware of the error, Your Honor. And the petition and documents were, in fact, proofread, and there's no explanation why that error was not discovered. There's just no explanation for it. However, we do know that it was not willful, and the court states that in its own holdings. There was nothing willful or nothing deceitful to basically try to cheat the Franchise Tax Board. It was an error, it was an inadvertent error, which would trigger Franchise Tax Board's policy to match the taxpayer by name instead of by Social Security number. But wasn't there also evidence in the record that the Franchise Tax Board has many of these names on the fallout list? I mean, we're not talking about just Mr. Allitt, are we? We're talking about an agency that collects taxes from millions of Californians, and presumably other people have errors, too. Well, they do, Your Honor, and I know that. However, the reason for that is, is also stated in the brief and by an affidavit by Alta Leahy with the Franchise Tax Board that they don't check those at all or sell them because they simply didn't have the manpower. And as a taxpayer in California, as a citizen of California, I believe that a person has the right to rely on Franchise Tax Board and other agencies to have the manpower to do their job as it's supposed to be done. Now, I'm not being critical of the Franchise Tax Board. I'm limiting this right to the very facts. And also, what I really hear you arguing, though, Mr. Kolb, is the Franchise Tax Board has an obligation to catch my mistakes. No, they don't have an obligation to. The mistake was caught automatically. Well, the only thing that was caught was the fact that they got a notice from the Bankruptcy Court in which a debtor claimed that he owed them money under this social security number and they couldn't match the social security number with their list of taxpayers who owed them money, right? Yes. Okay. And then the question is whether or not that triggered their obligation to do something more. Well, that's what their own manual says. And if we read rules 105 of the bankruptcy rules, which have to do with the caption and what it has to have in it in the title, that also refers to bankruptcy rule 9004, which states the contents. And it states that the title must have the name, address, social security number, and other information. But the advisory committee on rule 1004 states that an error in formality does not vitiate notice. It does not cause the petition to be invalid. By the same token, for example, if the court follows the Franchise Tax Board's position, then an error, even a misspelling error in the name or the address of the taxpayer would vitiate notice. And which gets back to the basic rules of notice, that it is a notice that is sufficient to put a creditor on notice of dependency of the action and with an opportunity to appear and be heard. And I believe that that certainly happens here. The Franchise Tax Board could have appeared. It didn't have to, but it could have made a motion for additional time to file a claim. It could have cross-referenced. The first thing, it could have cross-referenced its own records. It could have filed an estimated claim, which I am informed that they do now. It could have moved for additional time. It could have objected to confirmation. It could move for dismissal. It could have initiated a contact with Mr. Ellett's attorney. I'm just saying that Franchise Tax Board had notice of dependency of this bankruptcy court, notwithstanding the fact that there was an error, a one-digit error in the last number of the Social Security number, and they failed to do it. They knew it. They are a sophisticated taxing agency that are specialists in filing claims in bankruptcy, and then they limit themselves to three alternatives of identifying the taxpayer in the event of an error without ever taking any action for the alternative. I'll save the rest of my time. Thank you. It's very good. Thank you, counsel. Mr. Whitten? May it please the court, Chris Whitten on behalf of Ms. Stanislaus. Just to start, we did send in a letter on September 11th of this year, noting the case of Jones v. Flowers, which is a U.S. Supreme Court decision on the issue of due process. Could you give us the citation on that? Yes, that's 547 U.S. 220. Thank you. 220, yes. I really don't have much to add to what we have in our brief. I think the court has pinpointed the issue. There was an erroneous Social Security number. We don't contend it was intentional, and it prevented the Franchise Tax Board from matching Mr. Elliott's tax debt with somebody in bankruptcy, and then so we didn't file a proof of claim. The time ran, and that was that. If the court has any questions, I'd be happy to respond to them. Is there any case that's dealt with the same tax problem and mistaken the Social Security number and no further action by the Franchise Tax Board or the taxing agency or the creditor? We cite, I think it's the Freedman case from New York where a tax agency had a similar problem. I know of no reported. Why don't you discuss that case for me? Well, just give me a second here. I'll want to be accurate. Yes, Your Honor, that's Bankruptcy Court, Northern District in New York. That was a case where the debtor listed the individual debtor's Social Security number but did not list the debtor's employee identification number. The bankruptcy rules require both. The Internal Revenue Service looked at the Social Security number. There was none or a very minimal amount of tax due. They didn't file a proof of claim. They didn't look at the business, which had an employer identification number because it wasn't listed. The court there found on, I think, worse, would have been worse facts for us that no notice, no adequate notice had been given and a claim of rule that the business debt was not discharged. So we have cited, you know, cases here in our brief that have gone that way. And I think the reason I raised Jones v. Flower, which came down after the briefing was finished, is the Supreme Court there says there's more to the notice required by due process than just actual notice, and we don't dispute the fact that the Franchise Tax Board received the Section 341 notice that the court sent after Mr. Ellott filed his bankruptcy petition. But the point is that it was not adequate notice under the fundamental fairness that state agencies are entitled to under the Constitution. Because we relied and rely on the bankruptcy rules, which require an accurate social security number, and that's how the system was set up. And we didn't get it, so we just didn't know that somebody who owed his tax had filed bankruptcy in this particular matter. So no proof of claim was filed. It's really as simple as that, Your Honor. If the court has nothing further, I'll sit down. I think not.  Ms. Gould? Yes. Yes. I don't know that there's much to rebut, but if you'd like to talk about the Freedman case, we'd like to hear what you have to say. I'm sorry. I don't know that you have much to rebut except the discussion of the Freedman case. So if you could address your remarks to that, we're all ears. Was that the case that Mr. Whitman decided? Yes, for the bankruptcy from the Northern District of New York. I suppose I went under the wrong assumption that it was Pekoske, a case that was cited by the court, and I feel was cited by Mr. Whitman in his brief. I didn't catch the name when he was talking, and I don't. So In re Freedman is not ringing any bells with you? Is that the problem? Yes, sir. Okay. Well, we can look it up and read it. That's right. But something similar to that in the Pekoske case that was cited by the bankruptcy court was what the bankruptcy court relied on, basically, and that was a Chapter 13, and it involved business taxes, and the EIN number was omitted, but the Social Security number was there, and there were no personal income taxes due. The court held that the IRS was deprived of due process because of the lack of the EIN number, but that was based on the fact that there was nothing else in that case to put the Internal Revenue Service on notice of an error. As contrasted with the Ellett case, there was something wrong that the Franchise Tax Board had notice of, and that was a distinguishing fact in those cases that once they had notice of the error, they should have taken action. And I don't want to argue with the court, but we'll get back to the burden. This is not a burden that's placed on the Franchise Tax Board. It's a duty. It's merely carrying out their own policies to first check Social Security number. If that doesn't match, check the name. If that doesn't match, check the address. And as far as many other Elletts in the state of California, the record will show that Mr. Ellett was in long-time collection status with the Franchise Tax Board. They have been, he had been in an installment plan for months and months, and I guess that's my time. All right. Thank you very much. The case is argued is submitted, and we will turn to Burlington Northern and Santa Fe Railway Company versus Charles Moss.
judges: Alarcon, Thompson, Tallman